UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.W.,<br><br>                Plaintiff,<br><br>   v.<br><br>ANDREW SAUL,<br><br>                Defendant. | Case No. 19-cv-01132-NC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 25 |

Before the Court is Plaintiff's motion for attorney's fees pursuant to Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2421(d)(1)(A). Plaintiff seeks a total of $10,673 in attorney's fees. *See* Dkt. No. 28 at 10. Defendant Commissioner of Social Security contends that EAJA fees are not warranted because its defense of this action was substantially justified and the requested fees are excessive. The Court discusses each argument in turn.

First, the EAJA provides that:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the

United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S. C § 2412(d)(1)(A).  A party seeking fees under the EAJA need only allege that the government's position was not substantially justified.  *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004).  "The burden of establishing 'that the position of the United States was substantially justified' . . . must be shouldered by the Government."  *Id.*

Here, Defendant argues in passing that it was substantially justified in defending this lawsuit.  *See* Dkt. No. 26 at 1.  Defendant, however, offers no analysis for its position.  Thus, Defendant failed to meet its burden and fees are warranted.

Next, Defendant argues that Plaintiff's counsel's claimed fees are excessive.  Defendant does not point to any specific billing entry or category of work that it contends was excessive.  Instead, Defendant argues that Plaintiff's expenditure of 50.4 hours on this case is unreasonable when, in its estimation, similar cases require only 15 to 30 hours of work.  *See* Dkt. No. 26 at 2–3.  Accordingly, Defendant requests that the Court reduce Plaintiff's counsel's billed hours to 30 hours.  *Id.* at 3.  The Court ordered Plaintiff's counsel to provide her billing records for review.  *See* Dkt. No. 27.

The Ninth Circuit has held that it is "an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases."  *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012).  Instead, courts must scrutinize "case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained."  *Id.*

Reviewing Plaintiff's counsel's billing records, the Court finds that counsel's expended hours were reasonable.  The billing records do not show any redundant or unnecessary hours.  Although the total hours expended was relatively high and the lawsuit did not involve particularly complex legal issues, this case involved an extensive administrative record that stretched over two thousand pages.  *See* Dkt. No. 16.  Such an

extensive record naturally requires Plaintiff's counsel to expend a significant amount of time on this case.

Accordingly, the Court GRANTS Plaintiff's motion for attorney's fees in the amount of **$10,673**.

**IT IS SO ORDERED.**

Dated:  June 26, 2020  _____
NATHANAEL M. COUSINS
United States Magistrate Judge